IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-04-00339-CV

 

Town Hall Estates-Whitney, Inc., 

Crystal Long, Ronald Darren Long, 

and American Religious Town 

Hall Meeting, Inc.,

                                                                      Appellants

 v.

 

Cathy Ann Winters,

                                                                      Appellee

 

 



From the 66th District Court

Hill County, Texas

Trial Court No. 38,457

 



dissenting  Opinion










 

      Winters was a nurse employed
by Town Hall Estates–Whitney, a nursing home.  A resident alleged to Winters
that a nurse assistant had caused the resident to touch the assistant’s penis. 
Winters relayed the resident’s allegation to Winters’s supervisor.  Thereafter,
Winters was discharged.  Winters sued Town Hall Estates and other defendants
(collectively “Town Hall”) for retaliatory discharge under Texas Health and
Safety Code Section 242.133(b).  See Tex.
Health & Safety Code Ann. § 242.133(b) (Vernon 2001).  Town
Hall appeals.  We should reverse.

      In Town Hall’s first issue, it
contends that “Health and Safety Code § 242.133 does not apply to this
case because [Winters] did not report an incident of abuse as contemplated by
that law.”[1]  (Br. at 8.)  In Town Hall’s second issue, it
contends that there was no evidence or factually insufficient evidence that
Winters made a “report.”  Town Hall briefs its first and second issues
together.    

      We understand Town Hall’s
first issue to contend that as a matter of law Winters’s actions do not bring
her within the whistleblower protections of Section 242.133.  Town Hall first
raised that argument in its motion for judgment notwithstanding the verdict.  Citing
Gonzales v. Methodist Retirement Communities, Inc., Town Hall argues
that Winters did not report a violation of law as contemplated by Section
242.133.  See Gonzales v. Methodist Ret. Cmtys., Inc., 33 S.W.3d 882
(Tex. App.—Houston [14th Dist.] 2000, pet. denied); cf. also Vaughn v. Sears
Panhandle Ret., No. 07-03-0021-CV, 2003 Tex. App. LEXIS 9994 (Tex.
App.—Amarillo Nov. 24, 2003, no pet.) (mem. op.) (appellee argued no report
made).  Gonzales interpreted a former version of Health and Safety Code
Section 242.133, which provided a cause of action, in relevant part, for a
person retaliated against for “reporting . . . neglect
. . . to the person’s supervisors.”   Act of June 20, 1997, 75th
Leg., R.S., ch. 1159, art. 1, § 1.25, 1997 Tex. Gen. Laws 4363, 4376
(amended 1999) (current version at Tex.
Health & Safety Code Ann. § 242.133(b)); see Gonzales at
883-84 & n.1.  Gonzales told her supervisor that a resident “had fallen
from a geriatric chair.”  Gonzales at 883.  The Fourteenth Court of
Appeals held that Gonzales did not thus report “neglect” as that term was used
in the statute.  Id. at 885.  Rather, Gonzales’s and the
supervisor’s “discussion was not about the fall itself and that it happened,
but about the resident’s condition and how best to evaluate her condition.”  Id. at 885-86.  Moreover, Gonzales did not use the word “neglect,” and
neglect could not be inferred from the resident’s falling.  Id.  

      Town Hall points to evidence
that Winters only told her supervisor “that the patient informed her she had
been abused,” and “stated near the time, and at trial, that she did not believe
any abuse had taken place.”  (Br. at 10.)

      Winters does not dispute Town
Hall’s statement of the facts.  Winters purports to distinguish Gonzales,
rather, arguing that “what happened in Gonzales bears no resemblance to
the facts of the present case”:  in Gonzales,

[t]he employee admitted that she had not
reported any abuse, nor did she think any had occurred.  Also, in her
conversation with the director of nurses, the employee did not mention abuse or
neglect.  The court of appeals applied the dictionary definition of “neglect”
and held that the evidence did not support a claim that the employee had
reported neglect, and the employee “never put [the medical director] on notice
that, by calling him, she was reporting an act of neglect.”

(Id. at 13 (quoting Gonzales,
33 S.W.3d at 886 (alteration in Winters Br.)) (internal citations
omitted).)  We understand Winters to draw the distinction that, while in Gonzales
it was questionable whether the result that Gonzales described was caused
by neglect, in Winters’s case there is no doubt that if the resident’s
allegations were true the assistant’s conduct constituted a violation of law.  

      Even Winters’s statement of
the facts of Gonzales points out the apt comparison with Winters’s
case.  Winters did not report that a violation of law occurred, or that she
believed one had; Winters only informed her supervisor that she felt it
necessary to tell the supervisor that a resident had reported a violation, but
that Winters did not believe the resident.  Winters thus did not report to her
supervisor that a violation of law had occurred.  Accordingly, Winters does not
establish a cause of action under Section 242.133.  We should sustain Town
Hall’s first issue.

      Having sustained Town Hall’s
first issue, without reaching Town Hall’s other issues, we should reverse and
render judgment that Winters take nothing.

TOM GRAY

Chief Justice

Before Chief Justice Gray,

      Justice Vance, and

      Justice Reyna

(Justice Vance issued a separate opinion in
which Justice Reyna joined)

Opinion delivered and filed February 7, 2007

[CV06]

 

 

 









[1] Health and Safety Code Section 242.133 provides:

    An employee has a cause of
action against an institution, or the owner or another employee of the
institution, that suspends or terminates the employment of the person or
otherwise disciplines or discriminates or retaliates against the employee for
reporting to the employee’s supervisor, an administrator of the institution, a
state regulatory agency, or law enforcement agency a violation of law,
including a violation of this chapter or a rule adopted under this chapter, or
for initiating or cooperating in any investigation or proceeding of a
governmental entity relating to care, services, or conditions at the
institution.

Tex.
Health & Safety Code Ann.
§  242.133(b); see id. § 242.002(6) (Vernon 2001) (defining
“institution”).